PROVOSTY, J.
Plaintiff sues her husband for a separation from bed and board on the grounds of excesses and cruel treatment and defamation.
The parties were married in 1886. About two weeks before the institution of this suit. September, 1905, the plaintiff abandoned the matrimonial domicile, with the firm determination of never returning. Her eldest son, a young man of 18, now a medical student, accompanied her. He testified as follows:
“Q. Did you make the statement to Mrs. Gehrkin, on the morning that your mother left the house, that the reason why you didn’t want to leave was because you feared that your mother *459 would be in danger? A. Yes, sir. Q. What did you mean by that? A. What did I mean by that? Q. Yes. A. Well, she was in a nervous condition through her fear that he would harm her. Q. Did you think he was going to harm her? A. No, sir. Q. Then why did you make the statement that you wouldn’t leave for fear he would harm her? A. To make her sure, anyhow.”
This was drawn from the young man on cross-examination. He appeared as a witness on the side of the father, and sought to extenuate the conduct of the father as far as he could. The story told by the record is that of a sensitive woman, who, allied for her misfortune to a man of an irascible and violent disposition, has endured for 20 years the hardship of her situation, and, having at last got into the condition described above by her son, has broken away, firmly resolved never to return. Once before plaintiff abandoned defendant, but was induced to return. Now the court is satisfied she will not return. He has consistently applied vile epithets to her, and used abusive language, and twice in the presence of witnesses, and in all likelihood many times out of the presence of witnesses, has gone to the extent of actual physical violence, until she has got into the condition described above by her son, an unwilling witness.
Defendant keeps a corner grocery, and has real estate valued at $12,000. His ability to earn a good salary is proven. We think the alimony of $75 a month, allowed by the lower court, is not excessive, especially that it is subject to modification by the judge a quo at any time.
Judgment affirmed.